KENNETH MYERS *v.* COMMISSIONER
OF CORRECTION
(AC 31621)

Gruendel, Alvord and Stoughton, Js.

Argued January 11—officially released May 10, 2011

*Matthew J. Collins*, special public defender, for the appellant (petitioner).

*Brenda Hans*, assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

STOUGHTON, J. The petitioner, Kenneth Myers, appeals following the denial of his petition for certification to appeal from the judgment denying his amended

petition for a writ of habeas corpus. On appeal, he claims that the habeas court abused its discretion in denying his petition for certification and improperly denied his claim of ineffective assistance of trial counsel. Specifically, he claims that his trial counsel rendered ineffective assistance by waiving a trial on a part B information. We disagree and dismiss the appeal.

The petitioner was charged in a two part information with several violations of this state's dependency producing drug laws. In part B of the information, the state charged him with being a repeat offender of General Statutes § 21a-277 (a) and sought an enhanced sentence in accordance with the repeat offender provisions of that statute. In a separate information, he also was charged with violation of probation. Following a jury trial, the petitioner was found guilty of possession of narcotics with intent to sell in violation of § 21a-277 (a), possession of narcotics with intent to sell within 1500 feet of a school in violation of General Statutes § 21a-278a (b) and possession of narcotics in violation of General Statutes § 21a-279 (a). See *State* v. *Myers*, 290 Conn. 278, 281–83, 963 A.2d 11 (2009).

During the jury trial, the court held a violation of probation hearing outside the presence of the jury at which a certification of the petitioner's conviction in 2003 for a previous violation of § 21a-277 (a) was received into evidence. Id., 282. At the hearing, the petitioner was identified by his probation officer, who testified that she had supervised him during his probation in connection with his 2003 conviction. Id., 283.

After the jury's verdict on the narcotics charges, the court found that the petitioner had violated the terms of his probation. Thereafter, defense counsel waived a jury trial on part B of the information, stating that she was not sure that a part B was appropriate " 'in this case' " and that the presentence investigation report

would show the prior conviction. Id. The petitioner subsequently was sentenced to an enhanced penalty on the basis of his previous narcotics conviction and thereafter appealed. Id., 283–84.

This court affirmed the narcotics convictions but vacated the enhanced sentencing of the petitioner as a repeat offender and remanded the case for a hearing on part B of the information on the ground that the trial court committed plain error in failing to follow the mandate of Practice Book § 42-2,[1] which requires a plea and, if necessary, a trial on part B of an information after a finding of guilty on the first part. See *State* v. *Myers*, 101 Conn. App. 167, 185–86, 921 A.2d 640 (2007), rev'd in part, 290 Conn. 278, 963 A.2d 11 (2009). Our Supreme Court reversed in part the judgment of this court and remanded the case with direction to affirm the judgment of the trial court, concluding that on the facts of this case there was no constitutional right to a separate trial when the fact of a prior conviction is essentially uncontested; *State* v. *Myers*, supra, 290 Conn. 294; and that the trial court's failure to comply with Practice Book § 42-2 did not constitute plain error. Id., 299–300.

On May 15, 2009, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of his trial counsel. The habeas court, after a hearing, denied the petition and subsequently denied the petition for certification to appeal. This appeal followed.

The petitioner claims that the habeas court abused its discretion in denying certification to appeal from

---

[1] Practice Book § 42-2 provides in relevant part: "When an information is divided into two parts . . . on a finding of guilty on the first part of the information, a plea shall be taken and, if necessary, election made on the second part and the trial thereon proceeded with. If the defendant elects a jury trial on the second part of the information, such trial may be had to the same or to another jury as the judicial authority may direct."

the denial of his habeas corpus petition, in which he alleged that his trial counsel's waiver of a trial on part B of the information constituted ineffective assistance. The habeas court made several salient findings of fact regarding this claim, including the following: (1) it was the petitioner's decision to proceed to trial before a jury on the criminal narcotics charges and before the court on the violation of probation charge; (2) the petitioner, through his counsel, waived a trial on part B of the information; (3) the petitioner was actively involved in the decision to waive a trial on part B; and (4) trial counsel discussed with the petitioner the ramifications of having a trial on part B and his decision to waive a trial. In addition, the habeas court concluded that the petitioner was not prejudiced by the waiver of trial where the facts concerning his prior conviction were irrefutable.

The petitioner first bears the burden of demonstrating that the habeas court's denial of his petition for certification to appeal constituted an abuse of discretion. *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). If he succeeds, he must then show that the judgment should be reversed on the merits. Id. To establish a clear abuse of discretion in the denial of a timely request for certification, the petitioner must show either that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Id., 615–16.

The habeas court credited the testimony of trial counsel that the petitioner participated in the decision to waive a trial on the part B information that charged him with being a repeat offender of § 21a-277 (a), but the record does not reflect that the petitioner ever was canvassed by the court on that waiver or put to plea, as mandated by Practice Book § 42-2. See footnote 1

of this opinion. The petitioner claims that his trial counsel's performance was inadequate because she waived a jury trial on part B of the information charging him as a repeat offender and, consequently, failed to ensure that the strictures of Practice Book § 42-2 were followed. We examine the petitioner's underlying claim of ineffective assistance of counsel to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. *Gonzalez* v. *Commissioner of Correction*, 127 Conn. App. 454, 457, 14 A.3d 1053 (2011).

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *William C.* v. *Commissioner of Correction*, 126 Conn. App. 185, 189, 10 A.3d 115 (2011).

To demonstrate that such a strategy was ineffective, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Stevenson* v. *Commissioner of Correction*, 112 Conn. App. 675, 684, 963 A.2d 1077, cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009). The petitioner must establish both the performance and prejudice prongs in order to prevail on a claim of ineffective assistance of counsel. *Vazquez* v. *Commissioner of Correction*, 123 Conn. App. 424, 436, 1 A.3d 1242 (2010).

To establish prejudice, "[i]t is not enough for the [petitioner] to show that the errors [made by counsel] had some conceivable effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Green* v. *Commissioner of Correction*, 119 Conn. App. 348, 353, 987 A.2d 389, cert. denied, 296 Conn. 905, 992 A.2d 1135 (2010). We conclude that the petitioner has not met that burden.

It is apparent that the petitioner suffered no prejudice from the waiver of trial on the part B information. The evidence of the petitioner's prior narcotics conviction was already known to the court and was never challenged. A certified copy of the conviction was admitted into evidence, and the petitioner's probation officer had identified him, as did members of the Danbury police department who participated in the arrest leading to his prior conviction. Additionally, in his direct appeal the petitioner failed to raise any doubt with respect to the validity of his prior conviction. *State* v. *Myers*, supra, 290 Conn. 290. In light of the certainty of the evidence of his prior conviction, we conclude that there is no reasonable probability that the petitioner would have been found not guilty in a trial on the part B information. The issue of whether trial counsel provided effective assistance therefore is not debatable among jurists of reason, could not have been determined in a different manner and does not deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, we conclude that the habeas court did not abuse its discretion in denying certification to appeal this issue.

The appeal is dismissed.

In this opinion the other judges concurred.