AXEL D.* *v.* COMMISSIONER OF CORRECTION
(AC 32251)

Bear, Sheldon and Bishop, Js.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the petitioner's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued February 14—officially released May 15, 2012

*Elio C. C. Morgan*, special public defender, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Tamara A. Grosso*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Axel D., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner

claims that the court improperly rejected his claims that his trial counsel rendered ineffective assistance and that his guilty plea was involuntary in his underlying criminal action. We dismiss the petitioner's appeal.

The following undisputed procedural and factual history is relevant to our consideration of the issues on appeal. On July 21, 1994, the state issued a warrant for the petitioner's arrest for sexual assault in the first degree and risk of injury to a child.[1] At the time of the issuance of the warrant, the petitioner lived in Massachusetts. Thereafter, the petitioner moved to California and then to Florida, before ultimately returning to Massachusetts in January, 2002. On September 17, 2002, the petitioner was arrested on the outstanding warrant and charged with three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 and three counts of risk of injury to a child in violation of General Statutes § 53-21.

Attorney Anthony J. Siciliano of Massachusetts was admitted to represent the petitioner pro hac vice. At Siciliano's request, Attorney John Bond, a Connecticut lawyer, agreed to act as his sponsoring counsel. Cognizant of the length of time that had elapsed between the issuance of the arrest warrant and the petitioner's arrest, Siciliano filed a motion to dismiss dated October 7, 2003.[2] After the motion was filed, the prosecutor and the petitioner's counsel discussed the merits of the motion. Thereafter, the state made the petitioner a plea

---

[1] Those charges arose from allegations of assault made by the petitioner's first wife and his stepdaughter to the department of children and families. The alleged assaults took place during 1991 and 1992 when the victim was nine and ten years old. At that time the petitioner was living in Connecticut.

[2] The supporting memorandum of law raised two arguments: (1) the five year statute of limitations for class B felonies established by General Statutes § 54-193 had lapsed, in that the arrest warrant had not been executed within a reasonable period of time; and (2) the delay in prosecution of the case had harmed the petitioner's ability to defend the case and thereby denied him due process.

offer of ten years incarceration, execution suspended, with five years probation and 1000 hours of community service. On March 24, 2004, pursuant to the state's offer, the petitioner pleaded nolo contendere to one count of risk of injury to a child for which he was sentenced by the court to a term of ten years incarceration, execution suspended, and five years of probation with specified conditions. Pursuant to the plea agreement, lifetime registration as a sex offender was not required.

The petitioner filed this habeas action on December 4, 2007. By way of an amended petition dated October 13, 2009, the petitioner alleged that his conviction and sentence were illegal because he had been denied his constitutionally protected right to the effective assistance of counsel and that his plea to one count of risk of injury to a child had been involuntary. In response to the petition, the respondent, the commissioner of correction, denied both claims. The commissioner also raised as affirmative defenses to the involuntariness claim that the petitioner was procedurally defaulted because he had not moved to withdraw his plea in the underlying criminal action and laches due to the passage of time between the conviction and the commencement of his habeas action. The petitioner replied to the commissioner's affirmative defense of procedural default by pleading that, at the time of his conviction and sentencing, he was represented by ineffective counsel, who failed to inform him that he could attempt to withdraw his nolo contendere plea. As for the commissioner's affirmative defense of laches, the petitioner replied that the doctrine of laches does not apply to habeas actions. Following an evidentiary hearing, the habeas court issued its decision on March 12, 2010, denying the petition. Subsequently, the court denied the petition for certification to appeal, and this appeal followed. Additional facts will be set forth as necessary.

The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that (1) the denial of the petition for certification was an abuse of discretion and (2) if so, that the decision of the habeas court should be reversed on its merits. *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740, 936 A.2d 653 (2007), cert. denied, 286 Conn. 905, 944 A.2d 978 (2008). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id.

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation [that] a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 62, 951 A.2d 520 (2008). Under the *Strickland* test, when a petitioner alleges ineffective assistance of counsel, he must establish that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Internal quotation marks omitted.) Id., 63. When the record reflects that there was a guilty plea, however, *Strickland*'s prejudice prong has been

modified by *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), to require the petitioner to demonstrate that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 571 n.11, 941 A.2d 248 (2008). Furthermore, because a successful petitioner must satisfy both prongs of the *Strickland* test, failure to satisfy either prong is fatal to a habeas petition. See *Tuck* v. *Commissioner of Correction*, 123 Conn. App. 189, 194, 1 A.3d 1111 (2010).

"To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [counsel] was not functioning as the counsel guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Strickland* v. *Washington*, supra, 466 U.S. 689. Furthermore, the right to counsel is not the right to perfect counsel. *Siano* v. *Warden*, 31 Conn. App. 94, 97, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

To determine whether trial counsel's performance fell below an objective standard of reasonableness and whether the petitioner was therefore prejudiced, we must consider the nature of the underlying claim. Here,

the petitioner argues that his trial counsel was ineffective in that he misled the petitioner during the plea bargaining process. More specifically, he claims that his trial counsel failed to pursue a motion to dismiss the original charges on the basis of the applicable statute of limitations. In furtherance of this claim, the petitioner adduced evidence that, although the acts giving rise to his nolo contendere plea were alleged to have taken place during 1991 and 1992, he was not arrested until September 17, 2002, well beyond the five year period established by General Statutes § 54-193a, the applicable statute of limitations.[3] As part of his presentation of evidence, the petitioner attempted to demonstrate, as well, that even if a warrant had been obtained for his arrest within five years from the occurrences, the police failed to demonstrate that the passage of time between obtaining a warrant for his arrest and the service of the warrant was reasonable. On the basis of this factual underlayment, the petitioner claimed that his trial counsel had been ineffective in failing to exploit this significant defect in the state's case by not pursuing a motion to dismiss. We are not persuaded.

The leading case regarding the interplay between the statute of limitations and a delay between the issuance of an arrest warrant and its service is *State* v. *Crawford*, 202 Conn. 443, 521 A.2d 1034 (1987). In *Crawford*, our Supreme Court stated: "When an arrest warrant has been issued, and the prosecutorial official has promptly

---

[3] General Statutes § 54-193a provides: "Notwithstanding the provisions of section 54-193, no person may be prosecuted for any offense, except a class A felony, involving sexual abuse, sexual exploitation or sexual assault of a minor except within thirty years from the date the victim attains the age of majority or within five years from the date the victim notifies any police officer or state's attorney acting in such police officer's or state's attorney's official capacity of the commission of the offense, whichever is earlier, provided if the prosecution is for a violation of subdivision (1) of subsection (a) of section 53a-71, the victim notified such police officer or state's attorney not later than five years after the commission of the offense."

delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him. When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is tolled. . . . An accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation.

"We recognize, however, that some limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions, a primary purpose of statutes of limitation. . . . Therefore, we adopt, what we think is the sensible approach of the model penal code, and conclude that, in order to toll the statute of limitations, an arrest warrant, when issued within the [applicable statutory] time limitations . . . must be executed without unreasonable delay. We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations.

"The statute of limitations is, however, an affirmative defense. . . . Consequently the burden [is] on the defendant to prove the elements of that defense by a

preponderance of the evidence." (Citations omitted.) Id., 450–51.

Applying the holding and rationale of *Crawford* to the facts at hand, we note that the habeas court heard evidence that the petitioner was living in Massachusetts when the warrant was issued and that he thereafter moved to California, then Florida, and then back to Massachusetts, where he was living when he was ultimately arrested on September 17, 2002. The court heard evidence, as well, that the petitioner held various jobs during this time period, that he did not hide his identity and that he did not flee Connecticut for the purpose of eluding the police. The court also heard evidence that the Hartford police department was missing some pertinent records relating to the petitioner and that the department had not placed notice of the warrant in a national data bank known as the National Criminal Information Center, a vehicle through which the petitioner could have been arrested if he had come to the attention of law enforcement authorities anywhere in the United States in which the data bank was then in use.

In assessing the petitioner's claim, the court drew no conclusion as to whether the motion to dismiss filed by the petitioner's trial counsel would have been successful if pursued. The court indicated that it had reviewed all the evidence, including evidence regarding the delay in serving the petitioner with an arrest warrant in spite of the relative stability of his life while out of state. On the basis of its review, and without concluding whether the motion to dismiss would have prevailed if pursued, the court concluded that the petitioner's trial counsel had made a reasoned decision to utilize the filing of a motion to dismiss to the petitioner's strategic advantage in negotiating an extremely favorable outcome to the pending serious charges. In sum, although not reaching any conclusion as to whether the petitioner likely would have prevailed on his motion to dismiss

based on unreasonable delay, the court concluded that trial counsel had effectively utilized the pendency of the motion to dismiss to obtain an extremely favorable outcome for the petitioner, who, in the court's opinion, would have been exposed to substantially more than ten years of incarceration had he been convicted at trial.

Furthermore, the court observed that even if there was a reasonable likelihood, albeit uncertain, that pursuit of the motion may have succeeded because of the Hartford police department's relative inattention to the arrest warrant, the stakes for the petitioner were so high and the prospective plea agreement so favorable, that it was reasonable for trial counsel to pursue plea negotiations and ultimately to recommend that the petitioner plead nolo contendere as he did, rather than taking the risk that his motion might fail. Accordingly, on the basis of our thorough review of the record, we find no fault in the court's factual conclusions and legal analysis regarding the petitioner's ineffective assistance of counsel claim and the prudence of trial counsel's strategy and activity on behalf of the petitioner.[4]

The petitioner also claims that his plea was involuntary. With respect to this claim, the court found the petitioner's proof wanting and that, contrary to the petitioner's claim, his plea was knowing and voluntary. In reaching these conclusions, the court noted that the sentencing judge had been thorough and careful in his canvass of the petitioner and that the record reflected that, at the time of his plea, the petitioner was clear minded, understood the proceedings and was under

---

[4] At the habeas trial, the petitioner also made subordinate claims, denied by his trial counsel, that trial counsel made misstatements to him regarding the motion to dismiss and that trial counsel did not adequately explain the procedural posture of the case, as well as the parameters of the prospective plea agreement. The habeas court resolved all of these credibility laden claims against the petitioner.

no pertinent mental impairment.[5] As with the court's disposition of the petitioner's ineffective assistance of counsel claim, the record fully supports the court's conclusions regarding the voluntariness of the petitioner's plea. In rendering its judgment, the court made credibility assessments and it found that trial counsel acted reasonably on behalf of the petitioner in the underlying criminal matter. In making these determinations, the habeas court correctly applied the law and acted within its discretion.

Having reviewed the record, and for the reasons set forth previously, we conclude that the petitioner failed to establish that the issues he has raised are debatable among jurists of reason, that a court could have resolved them in a different manner or that the questions he has raised are adequate to deserve encouragement to proceed further. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] In deciding this claim on the merits, the court apparently did not consider the commissioner's claim of procedural default.