## RICHARD SAUCIER *v.* COMMISSIONER OF CORRECTION
## (AC 32813)

Gruendel, Beach and Espinosa, Js.

Argued October 17—officially released December 18, 2012

*Gennaro Bizzarro*, special public defender, for the appellant (petitioner).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, *Catherine Brannelly Austin*, senior assistant state's attorney, and *John Spalding*, certified legal intern, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Richard Saucier, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court erred in finding that both his trial counsel and appellate counsel did not provide him with ineffective assistance. We dismiss the petitioner's appeal.

The following factual and procedural history is relevant to the resolution of the petitioner's appeal. As this court set forth in *State* v. *Saucier*, 90 Conn. App. 132, 876 A.2d 572 (2005), aff'd, 283 Conn. 207, 926 A.2d 633 (2007), the jury reasonably could have found the following facts. "On January 10, 2002, the [petitioner] telephoned the victim[1] and asked her to cover a shift as a bartender at a restaurant. The victim agreed and later was picked up by the [petitioner], who drove her to work. Following her shift, the victim drove with the [petitioner] to a friend's house, where they smoked marijuana. The two left after twenty minutes. The victim

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

was under the impression that the [petitioner] was going to drive her home. Instead, he drove her to a deserted tractor-trailer park, then to a highway underpass and finally to his home. The [petitioner] brutally and repeatedly sexually assaulted the victim at each location. Early the next morning, after the [petitioner] had fallen asleep, the victim escaped and ran virtually naked to a nearby business, where the police were called. The police took the victim to a hospital, stopping briefly en route in order for the victim to point out the [petitioner's] home." Id., 134–35.

Thereafter, the petitioner was charged, under a substitute information, with six counts of first degree sexual assault in violation of General Statutes § 53a-70 (a) (1) and with one count of first degree kidnapping in violation of General Statutes § 53a-92 (a) (2) (A). At all times while the matter was at the trial level, attorney Gregory St. John represented the petitioner. On June 6, 2003, after a jury trial, the petitioner was found guilty of four of the six counts of first degree sexual assault and of first degree kidnapping. After rendering judgment in accordance with the jury verdict, the court sentenced the petitioner to a total effective term of thirty years incarceration followed by ten years of special parole.

The petitioner, then represented by attorney Glenn W. Falk, appealed from the judgment of conviction. Both this court and our Supreme Court affirmed the petitioner's conviction. *State* v. *Saucier*, 283 Conn. 207, 210, 926 A.2d 633 (2007); *State* v. *Saucier*, supra, 90 Conn. App. 134. By way of an amended petition for a writ of habeas corpus, the petitioner alleged that he was denied the effective assistance of his trial counsel because his trial counsel failed (1) to cross-examine the state's DNA expert as to the biological source of the victim's DNA found on the petitioner's body and (2) to call a DNA expert to testify at trial about the

possibility of indirect DNA transfer from one person to another. The petitioner also alleged that his appellate counsel rendered ineffective assistance by failing to include in his brief to this court the issue of whether the trial court improperly excluded as hearsay testimony of the victim's friend, a failure that caused our Supreme Court to deem the claim abandoned.

On November 4, 2009, the habeas court conducted a trial and ultimately denied the petition for a writ of habeas corpus. The court concluded that the petitioner had failed to demonstrate that he was prejudiced by his trial counsel's decisions regarding the DNA evidence. With respect to the petitioner's claim of ineffective assistance by appellate counsel, the court determined that the decision not to brief the nonhearsay issue was not deficient performance, and, even if it were, the court stated that the petitioner did not present any evidence that he was prejudiced by that decision. The court subsequently denied certification to appeal and this appeal followed.

"Faced with the habeas court's denial of certification to appeal, the petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 101 Conn. App. 465, 466–67, 922 A.2d 221 (2007). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Axel D.* v. *Commissioner of Correction*, 135

Conn. App. 428, 432, 41 A.3d 1196 (2012). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Perry* v. *Commissioner of Correction*, 131 Conn. App. 792, 796, 28 A.3d 1015, cert. denied, 303 Conn. 913, 32 A.3d 966 (2011).

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation [that] a defendant received . . . was constitutionally adequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Axel D.* v. *Commissioner of Correction*, supra, 135 Conn. App. 432.

I

We begin by addressing the petitioner's claim that the habeas court abused its discretion in finding that his trial counsel, attorney St. John, had not rendered ineffective assistance. The petitioner claims that St. John's representation was deficient because he failed to cross-examine the state's expert witness regarding the exact biological source of the DNA evidence police collected from a swab of the petitioner's penis. He argues that because the victim had reported that the assault largely consisted of forced oral sex, if the biological source of the victim's DNA was "something other than saliva," this would enhance the petitioner's credibility and diminish that of the victim. The petitioner also asserts that St. John's assistance was deficient

because he failed to call a DNA expert to testify regarding the possibility that the victim's DNA collected from the petitioner's penis could have been transferred indirectly, as a result of the petitioner's penis coming in contact with a towel the victim used after showering. The petitioner contends that if this testimony had been before the jury, it would have created reasonable doubt as to his guilt. We are not persuaded.

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice." (Internal quotation marks omitted.) *Orellana* v. *Commissioner of Correction*, 135 Conn. App. 90, 95, 41 A.3d 1088, cert. denied, 305 Conn. 913, 45 A.3d 97 (2012). "To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [counsel] was not functioning as the counsel guaranteed . . . by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Citation omitted; internal quotation marks omitted.) *Axel D.* v. *Commissioner of Correction*, supra, 135 Conn. App. 433.

"To satisfy the prejudice prong for ineffective assistance claims resulting from guilty verdicts, the petitioner must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. . . . A reasonable probability is one [that] is sufficient to undermine confidence in the result." (Internal quotation marks omitted.)

*Orellana* v. *Commissioner of Correction,* supra, 135 Conn. App. 95–96. "Furthermore, because a successful petitioner must satisfy both prongs . . . failure to satisfy either . . . is fatal to a habeas petition." *Axel D.* v. *Commissioner of Correction,* supra, 135 Conn. App. 433.

We agree with the habeas court's conclusion that regardless of whether St. John's decisions regarding the DNA evidence constitute deficient performance, the petitioner has not shown that there was a "reasonable probability that, but for these alleged errors, the outcome of the trial would have been different." As the habeas court explained in its memorandum of decision, in light of the victim's testimony, her immediate report of the crime, the testimony of several witnesses to her having run naked into a hair salon and then a luncheonette to call police, and the medical and photographic evidence of her injuries, it is unlikely that the fact that the "specific biological source of the victim's DNA found on the petitioner's penis was unknown and the fact that indirect transfer of DNA is *theoretically* possible would have rendered the petitioner's testimony of what happened more credible or would have created reasonable doubt as to his guilt." (Emphasis in original.) We, thus, conclude that the court did not err in determining that the petitioner failed to meet his burden of showing that he suffered actual prejudice as a result of St. John's trial decisions regarding the DNA evidence. The petitioner's ineffective assistance of counsel claim, therefore, must fail.

## II

We turn next to the petitioner's claim that the habeas court improperly found that his appellate counsel, attorney Falk, had not rendered ineffective assistance. The petitioner asserts that when appealing from the judgment of conviction, Falk should have argued in his brief

to this court that testimony during the criminal trial from the victim's friend that the victim had said, "I got [the petitioner]. I got him good," was admissible as nonhearsay because it was offered to illustrate the victim-declarant's state of mind, rather than to prove the truth of the matter asserted. The petitioner further asserts that Falk's failure to brief this issue caused him prejudice in that the Supreme Court declined to review the claim because it had not been raised in this court first.[2] We do not agree.

During the habeas trial, Falk testified that in preparing the case for appeal he reviewed the transcripts and exhibits looking for any preserved viable claims and consulted on this matter with another experienced attorney who works in his office. He explained that he initially did not believe that the nonhearsay claim had merit, but that he was only convinced that it "possibly had merit" when a law student intern suggested briefing the issue to the Supreme Court. Falk also testified that at the time of the appeal to this court, he had surmised from the trial transcripts that the claim likely was not preserved properly at the trial level and that there was little case law or other authority in Connecticut that lent credence to this claim.

Just as with a claim of ineffective assistance of trial counsel, success on a claim of ineffective assistance of appellate counsel "requires the petitioner to establish that appellate counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [Although] an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable issue. A brief that raises every colorable issue runs the risk of burying

[2] Our Supreme Court stated that it "decline[d] to reach the [petitioner's] claim that the statement was not hearsay because he abandoned it by failing to mention it in his brief to the Appellate Court." *State* v. *Saucier*, supra, 283 Conn. 223.

good arguments . . . in a verbal mound made up of strong and weak contentions. . . . Indeed, [e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." (Internal quotation marks omitted.) *Orellana* v. *Commissioner of Correction,* supra, 135 Conn. App. 98. Moreover, "[a] habeas court will not, with the benefit of hindsight, second guess the tactical decisions of appellate counsel." (Internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction,* 118 Conn. App. 670, 679, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010).

"After demonstrating deficient performance, the petitioner must then [show prejudice] by establish[ing] that, because of the failure of his appellate counsel to raise a [particular] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt. . . . In order to prevail on a claim of ineffective assistance of appellate counsel, therefore, a habeas petitioner must show not only that his appeal would have been sustained but for counsel's deficient performance, but also that there is a reasonable probability that the trial verdict would have been different." (Internal quotation marks omitted.) *Watson* v. *Commissioner of Correction,* 111 Conn. App. 160, 168, 958 A.2d 782, cert. denied, 290 Conn. 901, 962 A.2d 128 (2008).

Given that Falk made his tactical decision to focus on the strongest of the petitioner's claims on appeal to this court after considering the relevant case law and whether the claim was properly preserved, and after consulting with other experienced counsel, we conclude that the habeas court correctly determined that Falk's representation was not deficient.[3] Falk's strategy

___

[3] As we have determined that the petitioner has failed to show that Falk's representation was deficient, we need not analyze whether there was prejudice to the petitioner.

of culling out weaker claims is sound, not deficient, practice, particularly when based upon a thorough review of the trial record and the relevant case law. Accordingly, the petitioner has failed to show that the habeas court abused its discretion in determining that Falk's representation was not ineffective. While we need not reach the question of whether the petitioner has met the second part of his burden to have reversed the habeas court's denial of his petition for certification to appeal, we note that nothing in the record before us suggests that the petitioner would be able to show that the habeas court's decision should be reversed on its merits.

After a careful review of the record and briefs, we agree with the habeas court's determination that the petitioner was not deprived of the effective assistance of counsel, either at the trial or appellate stage of the proceedings. We are not persuaded that the habeas court's conclusions about the performance of the petitioner's trial or appellate counsel are debatable among jurists of reason, could be resolved in another manner or deserve encouragement to proceed further. Consequently, the petitioner has failed to meet his burden of establishing that the habeas court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.