******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CARRIE YERINIDES *v.* COMMISSIONER
OF CORRECTION
(AC 35733)

DiPentima, C. J., and Alvord and Bear, Js.

*Argued October 29, 2014—officially released March 17, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Newson, J.)

*William A. Snider*, assigned counsel, for the appellant (petitioner).

*Jonathan M. Sousa*, special deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Yamini Menon*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Carrie Yerinides, appeals from the denial of her petition for certification to appeal from the judgment of the habeas court denying her amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying her petition for certification and improperly determined that her criminal defense counsel had provided effective assistance. We conclude that the habeas court did not abuse its discretion in denying certification to appeal. Accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In 2009, the petitioner was the defendant in numerous matters pending in the judicial districts of Bridgeport and Norwalk. She had a total of seven cases pending against her, four criminal and two motor vehicle cases in Norwalk, and a criminal violation of probation case in Bridgeport. While those cases were pending, on September 30, 2009, the petitioner was arrested, charged with the sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and possession of narcotics in violation of General Statutes § 21a-279 (a), and presented before the Norwalk Superior Court under docket number S20N-CR-09-0124007 (docket #007). Prior to the petitioner's arrest on docket #007, the state had presented the petitioner with an offer that would have resolved her Norwalk cases and required her to serve approximately three years imprisonment. That offer, however, was withdrawn when the petitioner was arrested on the charges in docket #007.[1] The state presented a new offer, and on January 4, 2010, the petitioner entered a plea of guilty to one count of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b)[2] in docket #007 in exchange for the agreed upon sentence of eight years of incarceration, followed by five years of special parole, to be served concurrently to other sentences she was then serving or going to serve.[3]

On June 24, 2010, the petitioner, through her habeas counsel, filed a petition for a writ of habeas corpus, which was later amended on July 17, 2012. The petitioner claimed that her defense counsel had provided ineffective assistance by failing to adequately investigate her history of drug use and dependence as a possible defense to § 21a-278 (b) in order to negotiate a more favorable plea agreement.

The habeas trial was held on December 10, 2012, and in a memorandum of decision filed on March 18, 2013, the habeas court denied the petition. The habeas court found: "[T]here is no reasonable probability to believe that had defense counsel sought and obtained a substance abuse exam for his client pursuant to CADAC

[see General Statutes § 17a-693 et seq.], or had he obtained the substance abuse records that were available at the time, the petitioner would have received a more favorable pretrial offer, and the petitioner has presented nothing more than speculation and conjecture to support her claim that either the state's attorney or sentencing court would have been swayed by such information to do so. . . . [S]ince there was already an offer outstanding at the time of the petitioner's arrest on docket #007 that would have required her to accept a prison sentence, there is no reasonable construction of the evidence presented that would support the petitioner's claim that, had counsel obtained and presented such substance abuse information, either the court or the state's attorney would have been willing to consider a long-term drug treatment program as an alternative disposition . . . ." (Footnote omitted.)

The court further found: "[T]he petitioner's claim that she would have elected to go to trial had she known that she was being sentenced as a [person who is not drug-dependent] under General Statutes § 21a-278 (a) simply lacked credibility. First, the petitioner has a prior conviction for sale of narcotics under the same statute, which, although some time ago, undermines her credibility that she did not understand that the present conviction under the same statute was as a [person who is not drug-dependent]. Additionally, the petitioner was well versed in the criminal justice system, and this court does not believe that she was unaware of the significant exposure she faced on all files had she made the foolhardy decision to reject a plea deal on this one file when her only other option was to proceed to separate trials on eight [files]. Even had a fact finder believed she was drug-dependent and convicted her of selling narcotics under General Statutes § 21a-277, her overall exposure on all charges and files then pending still would have been multiple times the plea agreement negotiated by her attorney. By proceeding to trial, she may have won that battle, but she surely would have lost the war. In fact, when given this option by the trial court a few days prior to entering her pleas, the petitioner quickly declined." (Footnotes omitted.) The court concluded that "the petitioner has failed to establish she was prejudiced, because she has failed to establish that there is a reasonable probability that, but for counsel's advice, she was willing to proceed to trial."

On March 28, 2013, the petitioner filed a petition for certification to appeal from the judgment denying her amended petition, which the habeas court denied on April 4, 2013. This appeal followed.

We begin by setting forth the appropriate standard of review and legal principles that inform our analysis. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of

discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. " (Citation omitted; internal quotation marks omitted.) *Michael G.* v. *Commissioner of Correction*, 153 Conn. App. 556, 559, 102 A.3d 132 (2014), cert. denied, 315 Conn. 916, A.3d (2015).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . The United States Supreme Court, long before its recent decisions in *Missouri* v. *Frye*, U.S. , 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler* v. *Cooper*, U.S. , 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), recognized that the two part test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to ineffective assistance of counsel claims arising out of the plea negotiation stage." (Citation omitted; internal quotation marks omitted.) *Barlow* v. *Commissioner of Correction*, 150 Conn. App. 781, 792, 93 A.3d 165 (2014).

"In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition. . . . The prejudice inquiry in claims arising from counsel's advice during the plea process differs from the analysis of claims following conviction after trial. . . . In *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court of the United States articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. . . . In order to establish prejudice in such cases, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Delvecchio* v. *Commissioner of Correction*, 149 Conn. App. 494, 500, 88 A.3d 610, cert. denied, 312 Conn. 904, 91 A.3d 906 (2014); see also *Washington* v. *Commissioner of Correction*,

287 Conn. 792, 833, 835, 950 A.2d 1220 (2008); *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598, 940 A.2d 789 (2008); *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008); *Axel D.* v. *Commissioner of Correction*, 135 Conn. App. 428, 432–33, 41 A.3d 1196 (2012). In an earlier opinion, *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151, 662 A.2d 718 (1995), however, our Supreme Court interpreted *Hill* as requiring the petitioner to show "that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." In *Carraway* v. *Commissioner of Correction*, 144 Conn. App. 461, 471 n.9, 474–76, 72 A.3d 426 (2013), cert. granted, 312 Conn. 925, 95 A.3d 521 (2014), this court declined to follow the prejudice standard as articulated in *Copas* because it determined that the *Hill* standard was controlling as a matter of federal constitutional law as also recognized by our Supreme Court in *Washington*, *Crawford*, and *Johnson*.

We conclude, after a thorough review of the record, that the petitioner has not demonstrated that the resolution of any underlying claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. The habeas court found the following: that the petitioner had extensive experience with the criminal justice system; that she had a prior conviction under § 21a-278 (b); that her responses during the plea canvass by the court confirmed that her defense counsel explained the elements of the offense of sale of narcotics by a person who is not drug-dependent and the five year mandatory minimum sentence; that the court explained to her that her rejection of the offer would result in consecutive trials on all of her pending charges, including other charges that had mandatory minimum sentences; that there was the possibility of an ultimate sentence "substantially in the double figures"; that the court determined that the petitioner understood the substantial benefit that she would receive by pleading guilty to the offense of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b), instead of electing to be tried on all of the outstanding charges; and that because of the foregoing findings, she failed to establish that she suffered any prejudice, i.e., the petitioner did not demonstrate that there was a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill* v. *Lockhart*, supra, 474 U.S. 59; *Washington* v. *Commissioner of Correction*, supra, 287 Conn. 833; *Crawford* v. *Commissioner of Correction*, supra, 285 Conn. 585; *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 576; *Delvecchio* v. *Commissioner of Correction*, supra, 149 Conn. App.

500; *Carraway* v. *Commissioner of Correction*, supra, 144 Conn. App. 474–76; *Axel D.* v. *Commissioner of Correction*, supra, 135 Conn. App. 428. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] We also note that at the time of her arrest on the charges in docket #007, the petitioner had thirty-one prior convictions, nine of which were drug related.

[2] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance . . . and who is not, at the time of such action, a drug-dependent person, for a first offense shall be imprisoned not less than five years or more than twenty years . . . ."

[3] We note that as part of the plea agreement, the state agreed not to prosecute the remainder of the cases that were pending against the petitioner in Norwalk. The petitioner, however, was serving a six month sentence for contempt of court, which she received in Norwalk on November 20, 2009, and a concurrent four year sentence for the criminal violation of probation she received in Bridgeport on December 23, 2009.

————————————————