KENNETH LAMBERT *v.* COMMISSIONER OF
CORRECTION
(AC 27064)

Schaller, Gruendel and Rogers, Js.

Argued December 7, 2006—officially released April 3, 2007

---

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *David L. Zagaja*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Kenneth Lambert, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was convicted of attempt to commit murder in violation of General Statutes §§ 53a-54a and 53a-49, and assault in the first degree in violation of General Statutes § 53a-59. He then filed a direct appeal, and this court affirmed the judgment of conviction. *State* v. *Lambert*, 58 Conn. App. 349, 754 A.2d 182, cert. denied, 254 Conn. 915, 759 A.2d 507 (2000).

The petitioner subsequently filed a three count, amended petition for a writ of habeas corpus in which he claimed that his trial counsel had provided ineffective assistance. The petitioner claimed that he received ineffective assistance on the basis of his counsel's failure (1) to call an independent medical expert, (2) to call an alibi witness and (3) to conduct an independent forensic test of the gunpowder residue found on the petitioner's car. The court rejected the petitioner's claims and denied certification to appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether

the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden,* 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceedings would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction,* 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004); see also *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

During the habeas hearing, the petitioner failed to call either a medical expert or the alibi witness to demonstrate that their testimony may have benefited him. The failure of the petitioner to offer evidence as to what a witness would have testified is fatal to his claim. See *Adorno* v. *Commissioner of Correction,* 66 Conn. App.

179, 186, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001). The petitioner seeks to have us use hindsight with regard to his counsel's decision not to call the witnesses to testify. We will not do so. We have stated that "the presentation of testimonial evidence is a matter of trial strategy. . . . The failure of defense counsel to call a potential defense witness does not constitute ineffective assistance unless there is some showing that the testimony would have been helpful in establishing the asserted defense." (Internal quotation marks omitted.) Id. In the absence of testimony from either a medical expert or the alibi witness, we are unable to conclude that the petitioner was prejudiced.

Likewise, we are unable to conclude that the petitioner was prejudiced by the absence of independent gunshot residue testing without the submission of any such evidence that would undermine the certainty of the petitioner's conviction. See *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 682, 657 A.2d 1115 (failure of counsel to conduct independent forensic testing insufficient to undermine guilty verdict), cert. denied, 234 Conn. 912, 660 A.2d 354 (1995).

We carefully have reviewed the record, the court's ruling and the briefs submitted by the parties. The petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Having failed to satisfy any of these criteria, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.