MARK ST. JOHN *v.* COMMISSIONER
OF CORRECTION
(AC 34049)

DiPentima, C. J., and Bear and Sheldon, Js.

Argued March 7—officially released August 6, 2013

*Rosemarie T. Weber*, assigned counsel, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Erika L. Brookman*, assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Mark St. John, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court erred in denying his claim of ineffective assistance of counsel because it (1) failed to consider all aspects of his claim relating to his criminal trial counsel's failure to call a dog tracking expert and (2) improperly concluded that his claim of ineffective assistance of counsel failed to satisfy the prejudice prong of the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052,

80 L. Ed. 2d 674 (1984). We disagree, and, accordingly, affirm the judgment of the habeas court.

The following facts and procedural history of the petitioner's underlying criminal proceeding are distilled from his direct appeal to our Supreme Court. On July 16, 2002, the petitioner entered a convenience store at a gasoline station in Manchester, pointed a gun in the face of the victim and demanded money. *State* v. *St. John*, 282 Conn. 260, 262–63, 919 A.2d 452 (2007). After the victim handed the petitioner $300 or $400 from the cash register, the petitioner threatened to shoot the victim and ordered him into a stockroom. Id., 263. The victim remained in the stockroom for about one minute before running outdoors. Id. Outside of the store, the victim noticed the petitioner near some bushes at the edge of the property and saw the side of the petitioner's face. Id. Karen Nowak, who was outside the convenience store, also saw the side of the petitioner's face. Id. Nowak observed the petitioner as he neared a stockade fence, and, as she continued to watch, "he appeared to cast something aside before disappearing out of sight." Id.

Around 9:30 p.m., John Tollis, a trooper from the canine unit of the Connecticut state police, arrived at the scene with a German shepherd tracking dog named Diesel. Id., 264. Alighting from Tollis' vehicle, Diesel ran directly to the bushes at the edge of the property and pulled out a knit hat. Id. After preparing the dog properly, Tollis allowed Diesel to begin tracking. Id. Approximately forty to forty-five minutes later, Diesel tracked the scent to a location where the petitioner was being detained by Manchester police officers. Id. Diesel made his way through several officers before he jumped up on the petitioner, a signal that he had been trained to give when he discovered the source of the scent. Id. Additionally, both the victim and Nowak made

pretrial identifications of the petitioner as the individual they observed leaving the crime scene. Id., 264–65.

The petitioner was taken into custody and charged with robbery in the second degree in violation of General Statutes § 53a-135 (a) (2) and kidnapping in the first degree with a firearm in violation of General Statutes § 53a-92a (a). Id., 265. Following a trial, the jury found the petitioner guilty on both charges. Id., 266. The trial court rendered judgment of conviction in accordance with the jury verdict, sentencing the petitioner to twenty-five years incarceration, execution suspended after seventeen years, with five years probation. Id. Our Supreme Court affirmed the judgment of conviction. Id., 262.

In his amended petition for a writ of habeas corpus, the petitioner claimed, inter alia, that he had been denied the effective assistance of trial counsel.[1] Over the course of two days, the court heard testimony from the petitioner, Tollis and several members of the Manchester Police Department. The petitioner also called as witnesses Attorney Robert Meredith, his trial counsel, and Attorney Thomas Farver, an expert in the practice of criminal law. Both the petitioner and the respondent, the commissioner of correction, presented evidence, including transcripts of the underlying criminal proceeding, reports from the Manchester Police Department and a report from the state police regarding the dog track and identification of the petitioner. In its memorandum of decision, the habeas court concluded that in the absence of evidence to show that the testimony from a dog tracking expert would have been helpful in establishing the petitioner's defense, the petitioner had failed to demonstrate prejudice. Accordingly,

---

[1] The petitioner's amended petition alleged four separate counts of ineffective assistance of counsel. All four counts were rejected by the habeas court. In this appeal, the petitioner raises only the ineffective assistance of counsel claim that relates to his attorney's failure to call a dog tracking expert.

the court denied the petitioner's amended petition for a writ of habeas corpus. The court granted the petition for certification to appeal from its decision.

On appeal, the petitioner claims that the court improperly rejected his claim that Meredith provided ineffective assistance of counsel. The petitioner first argues that the court erred by failing to consider all aspects of the claim presented during the habeas trial relating to his criminal trial counsel's failure to call a dog tracking expert.[2] The petitioner further claims that the court erred when it concluded that his claim of ineffective assistance of counsel failed to satisfy the two-pronged test enunciated in *Strickland*.[3] Because the petitioner failed to call an expert on dog tracking at the habeas trial, the habeas court properly concluded that the petitioner had not established prejudice, and, therefore, we do not need to reach his first claim.

We begin by setting forth the standard of review applicable to the petitioner's appeal. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas

[2] The claim contained the alleged need for testimony concerning (1) the impact of contaminants on the reliability of Diesel's identification, (2) Diesel's limited experience and (3) Diesel's success rate. We note that the petitioner's habeas counsel, Christopher Neary, elicited testimony regarding all three arguments at trial. In his posttrial brief, however, the petitioner's habeas counsel raised only the impact of contaminants argument. Referring to this omission, the habeas court, in turn, limited its analysis only to the impact of contaminants argument. Because we agree that the habeas court properly concluded that the petitioner failed to demonstrate prejudice resulting from counsel's failure to call a dog tracking expert, we decline to address whether it was proper for the habeas court to limit its analysis to posttrial brief arguments.

[3] We note that the court did not make a specific determination as to whether Meredith's performance was deficient. The court's decision simply concluded that the petitioner failed to sustain his burden of showing that he suffered prejudice. *Nieves* v. *Commissioner of Correction*, 51 Conn. App. 615, 620, 724 A.2d 508 ("court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim"), cert. denied, 248 Conn. 905, 731 A.2d 309 (1999).

appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Myers* v. *Commissioner of Correction*, 128 Conn. App. 564, 569, 17 A.3d 539, cert. denied, 301 Conn. 925, 22 A.3d 1278 (2011).

The legal principles relevant to this appeal are well settled. "A criminal [petitioner] is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Put another way, the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . With respect to the prejudice component, [i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Citations omitted; internal quotation marks omitted.) *Thompson* v. *Commissioner of Correction*, 131 Conn. App. 671, 690–91, 27 A.3d 86, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011); see also *Strickland* v. *Washington*, supra, 466 U.S. 668.

As to the prejudice prong, the petitioner presents two arguments. First, he argues that the identifications by the victim and Nowak were not reliable. Second, and related to the first point, the petitioner argues that had it not been for Diesel's identification, a reasonable jury could have concluded that there was reasonable doubt as to the identity of the robber. On the basis of these two points, the petitioner urges us to conclude that Meredith's failure to call a dog tracking expert was prejudicial.

We agree with the court's conclusion that the petitioner failed to sustain his burden of showing that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington*, supra, 466 U.S. 694. The petitioner provided no evidentiary basis for determining the dispositive issue in this case, namely, whether, with reasonable probability, a dog tracking expert's testimony would have changed the result of the criminal proceeding. The petitioner presented no expert witness on dog tracking at the habeas trial.[4] In the absence of such evidentiary support, the petitioner could not sustain his burden of establishing prejudice. See *Lambert* v. *Commissioner of Correction*, 100 Conn. App. 325, 327–28, 918 A.2d 281 (prejudice not established where petitioner failed to call medical expert and alibi witness at habeas trial or offer evidence as to what they would have testified), cert. denied, 282 Conn. 915, 924 A.2d 138 (2007). Accordingly, the habeas court properly concluded that the petitioner had failed to satisfy the prejudice prong of the *Strickland* test.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We note that the petitioner had disclosed a dog training expert, but did not call that expert as a witness during the habeas proceeding.