******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHADWICK ST. LOUIS *v.* COMMISSIONER
OF CORRECTION
(AC 37059)

DiPentima, C. J., and Mullins and Dupont, Js.

*Submitted on briefs September 14—officially released November 17, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*Stephen A. Lebedevitch* filed a brief for the appel-
lant (petitioner).

*Gail P. Hardy*, state's attorney, *Angela R. Macchiar-
ulo*, senior assistant state's attorney, and *Emily Graner
Sexton*, special deputy assistant state's attorney, filed

a brief for the appellee (respondent).

*Opinion*

DUPONT, J. The petitioner, Chadwick St. Louis, appeals from the habeas court's denial of his petition for certification to appeal from the court's judgment denying his amended petition for a writ of habeas corpus. On appeal, he claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal, (2) erred in denying his claim of ineffective assistance of trial counsel, and (3) erred in finding his trial counsel to be a more credible witness than the petitioner. We conclude that the court did not abuse its discretion in denying his petition for certification to appeal and that his habeas petition was properly denied. Accordingly, we dismiss the appeal.

A brief history of the prior proceedings is relevant to our resolution of this appeal. The petitioner was charged with murder in violation of General Statutes § 53a-54a. He waived his right to a jury trial and elected to be tried by a three judge court, *Miano*, *Strackbein*, and *Prescott*, *Js.*, pursuant to General Statutes § 54-82 (b). The court found that the petitioner had intentionally struck the victim with a skid-steer loader, commonly known as a Bobcat, and buried him. The court found him guilty of murder and sentenced him to a term of fifty years imprisonment.

On direct appeal, this court affirmed the petitioner's conviction.[1] *State* v. *St. Louis*, 128 Conn. App. 703, 18 A.3d 648, cert. denied, 302 Conn. 945, 30 A.3d 1 (2011). The petitioner then filed a motion to correct an illegal sentence, which the trial court, *Alexander*, *J.*, denied on April 4, 2012. This court held that the trial court did not have jurisdiction to consider the petitioner's motion and remanded the case with direction to render judgment dismissing it.[2] *State* v. *St. Louis*, 146 Conn. App. 461, 76 A.3d 753, cert. denied, 310 Conn. 961, 82 A.3d 628 (2013).

On November 14, 2013, the petitioner filed an amended petition for a writ of habeas corpus, raising three claims of ineffective assistance of trial counsel. The petitioner claims his trial counsel failed to: (1) fully investigate the possibility of an alternative theory of the victim's death; (2) present evidence of the petitioner's voluntary intoxication as a result of his use of heroin at the time of the victim's death; and (3) produce any witnesses for the petitioner. The petitioner presented testimony from four witnesses: the petitioner's trial counsel; the petitioner's former cellmate; the petitioner's expert, Attorney James Diamond; and the petitioner. After trial, the habeas court, *Fuger*, *J.*, denied the habeas petition, reasoning that the petitioner had not produced any credible evidence that he had suffered prejudice as a result of the alleged omissions of his trial attorney. The habeas court found "that there has been no evidence at all introduced that would allow

this court to reach a conclusion that any performance by [trial counsel] that might be deficient has in any way operated to prejudice the defendant."[3] The habeas court also found the petitioner's trial counsel to be a more credible witness than the petitioner.

On July 15, 2014, the petitioner filed a petition for certification to appeal, which the habeas court denied. This appeal followed. Additional facts will be set forth as necessary.

We begin our analysis with the relevant standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . .

"We examine the petitioner's underlying claim of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both

showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Citations omitted; internal quotation marks omitted.) *McGee* v. *Commissioner of Correction*, 157 Conn. App. 863, 867–68, 118 A.3d 140, cert. denied, 318 Conn. 903, A.3d (2015). With this standard in mind, we examine the petitioner's claims.

On appeal, the petitioner claims that the habeas court abused its discretion when it denied his petition for certification to appeal and that the court improperly denied his petition for a writ of habeas corpus. Specifically, he claims the habeas court erred by concluding that the petitioner did not present sufficient evidence to show that trial counsel's performance was prejudicial, and erred in concluding that trial counsel was a more credible witness than the petitioner. We disagree and address each claim in turn.

I

The petitioner first claims that the habeas court erred in concluding that he failed to meet his burden of proof for ineffective assistance of trial counsel. The petitioner argues that he presented evidence at the habeas trial that proves that he suffered prejudice as a result of trial counsel's failure to properly cross-examine the medical examiner; failure to object to the medical examiner's reference to the Bobcat's potential to cause the victim's death; failure to perform a meaningful pretrial investigation; and trial counsel's deficient performance in advising the petitioner whether to accept a plea offer. We are not persuaded.

The petitioner points to Diamond's expert testimony to argue that trial counsel's failure to cross-examine the medical examiner was prejudicial. Diamond testified that had trial counsel cross-examined the medical examiner, trial counsel could have established that the medical examiner was unable to determine the precise cause of death. However, on cross-examination, Diamond conceded that the medical examiner, on direct examination during the criminal trial, testified about his inability to determine the cause of the victim's death. Thus, any additional cross-examination on the issue would have been cumulative of what was provided on direct examination. See *Smith* v. *Commissioner of Correction*, 141 Conn. App. 626, 634–35, 62 A.3d 554 (prejudice not established when trial counsel did not call additional witnesses that would have provided testimony cumulative of testimony already in evidence), cert. denied, 308 Conn. 947, 67 A.3d 290 (2013).

The petitioner argues that trial counsel's failure to object to the medical examiner's reference to the Bobcat's potential to cause the victim's death was prejudi-

cial. The petitioner points to the expert testimony of Diamond, who testified that a proper objection by trial counsel would have left a hole in the state's case against the petitioner. However, Diamond testified that a detective at the criminal trial had testified about the Bobcat's involvement in the death and that a police report in evidence at the criminal trial included the petitioner's statement that the Bobcat had played a role in the death of the victim. Furthermore, no evidence was presented at the habeas trial on the impossibility of the Bobcat causing the victim's death that could have cast doubt on the outcome of the criminal trial. As the petitioner did not present any expert witness or other evidence at the habeas trial on this issue, the petitioner was unable to establish prejudice. See *Lambert* v. *Commissioner of Correction*, 100 Conn. App. 325, 327–28, 918 A.2d 281 (prejudice not established when petitioner failed to call witnesses at habeas trial or offer evidence as to what they would have testified to that would have been beneficial), cert. denied, 282 Conn. 915, 924 A.2d 138 (2007).

The petitioner argues that trial counsel did not perform a meaningful pretrial investigation and he suffered prejudice as a result. It is the petitioner's burden to demonstrate what benefit additional investigation would have revealed. *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 859, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012). The petitioner argues that a more thorough investigation would have allowed trial counsel to put forth a more compelling theory of defense. However, the petitioner did not present any evidence or testimony as to what a more meaningful investigation would have revealed. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 584, 941 A.2d 248 (2008) ("the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . but by demonstrable realities" [internal quotation marks omitted]). Thus, the petitioner did not meet his burden in establishing prejudice.

The petitioner also argues that he was prejudiced as a result of trial counsel's deficient performance in advising the petitioner whether to accept a plea offer or go to trial. This claim was not raised in the habeas petition or ruled on by the habeas court, and thus the record is not adequate to review this claim. This court will not review a claim raised for the first time on appeal. *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 672, 931 A.2d 248 ("[a]ppellate courts of this state, generally, do not review claims raised for the first time on appeal"), cert. denied, 284 Conn. 939, 937 A.2d 696 (2007). Even if this court reviewed this claim, it would fail on the merits. The only evidence presented at the habeas trial on this issue was the differing testimony of the petitioner and trial counsel. The habeas court found trial counsel's testimony to be more credible than the petitioner's, and we will not disturb

that finding on appeal.

## II

The petitioner next claims that the habeas court's determination that trial counsel was a more credible witness than the petitioner was clearly erroneous. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Appellate courts do not second-guess the trier of fact with respect to credibility." (Citation omitted; internal quotation marks omitted.) *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 825–26, 964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d 660 (2009). Accordingly, we will not disturb the habeas court's determination that trial counsel was a more credible witness than the petitioner.

On the basis of our review of the record, we conclude that the petitioner has not established that the habeas court's resolution of the allegations in his amended petition is debatable among jurists of reason, that a court could have resolved them in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 230 Conn. 616. The habeas court, therefore, did not abuse its discretion in denying the petition for certification to appeal, or in denying the amended petition for habeas corpus based upon the claimed ineffective assistance of trial counsel.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The facts as found by the three judge panel were as follows: The victim, Christopher Petrozza, worked for the petitioner in his landscaping business. *State* v. *St. Louis*, 128 Conn. App. 703, 706, 18 A.3d 648, cert. denied, 302 Conn. 945, 30 A.3d 1 (2011). Petrozza and the petitioner also socialized together outside of the workplace, and the petitioner became financially indebted to Petrozza. Id. On September 29, 2006, Petrozza went to the petitioner's home in Manchester to collect money the petitioner owed him. Id. While Petrozza was at the petitioner's home, the petitioner intentionally caused Petrozza's death by striking him with the Bobcat. Id. After killing Petrozza, the petitioner buried Petrozza's body in the rear yard of his residence, covering the grave with large ornamental rocks. Id.

In spring of 2007, while incarcerated on unrelated charges, the petitioner began to tell the police about the existence of a dead body in an effort to receive leniency for the unrelated charges. Id., 707. After he met with the Manchester police several times, on June 5, 2007, the petitioner admitted to having caused the death of Petrozza and described the circumstances of Petrozza's death as an "accident." Id. On June 19, 2007, the police recovered Petrozza's body from the yard of the petitioner's residence. Id.

[2] The habeas court, in its decision, ruled that the motion to correct an illegal sentence or the lack of jurisdiction to consider the motion is irrelevant to the present proceeding.

[3] In its oral decision, the habeas court assumed, without deciding, that trial counsel's performance was deficient.