# MATTHEW WEATHERS *v.* COMMISSIONER OF CORRECTION
## (AC 31994)

Robinson, Alvord and Espinosa, Js.

Argued October 27, 2011—officially released February 7, 2012

*Annacarina Jacob*, senior assistant public defender, for the appellant (petitioner).

*Jo Anne Sulik*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Adam Scott*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Matthew Weathers, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly failed to conclude that his trial counsel rendered ineffective assistance. We affirm the judgment of the habeas court.

The following procedural history is relevant to our resolution of the present appeal. On July 16, 2004, the petitioner was arrested and charged under docket number CR-04-194735-S with criminal mischief and possession of a weapon in a motor vehicle. The court set bond at $75,000, and the petitioner was incarcerated in lieu of bond while he awaited trial. Ninety-seven days later, on October 20, 2004, while still in pretrial custody, the petitioner was arrested by virtue of an arrest warrant for multiple criminal offenses under various other docket numbers (CR-04-196151-S, CR-04-196152-S, CR-04-196153-S, CR-04-196154-S). The petitioner remained incarcerated awaiting trial. On March 23, 2005, pursuant to a plea agreement with the state, the petitioner

pleaded guilty under the *Alford* doctrine[1] in docket number CR-04-196151-S to burglary in the third degree, in docket number CR-04-196152-S to burglary in the third degree and in docket number CR-04-196154-S to burglary in the second degree and two counts of credit card theft. At a sentencing hearing on May 18, 2005, the court imposed a total effective sentence of ten years incarceration for these offenses. The state entered a nolle prosequi as to the criminal charges brought under docket numbers CR-04-194735-S and CR-04-196153-S.

By way of a second amended petition for a writ of habeas corpus, the petitioner alleged, in relevant part, that his trial counsel, Delice Ferrara, rendered ineffective assistance because, at the time of sentencing, "[t]rial counsel failed to request that the judge either credit the petitioner's sentence with [ninety-seven] days of jail credit, or to impose a sentence of [ten] years less [ninety-seven] days, in order to ensure that the petitioner receive consideration for the [ninety-seven] days that he was in the care and custody of the department of correction awaiting resolution of his pending charges."

In February, 2010, the habeas court conducted an evidentiary hearing related to the petition. At the conclusion of the hearing, after the court heard argument from counsel for the petitioner and counsel for the respondent, the commissioner of correction, the court issued an oral ruling denying the petition. The court concluded that the petitioner failed to demonstrate that Ferrara's failure to seek sentencing credit for the ninety-seven days of pretrial incarceration under docket number CR-04-194735-S constituted deficient performance. Also, the court concluded that the petitioner failed to demonstrate that he was prejudiced by Ferrara's conduct in this regard. Essentially, the court found that a

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct 160, 27 L. Ed. 2d 162 (1970).

sentencing court would not necessarily have afforded such credit in these circumstances, even if a request to do so had been made by the petitioner. Subsequently, the court granted the petitioner's petition for certification to appeal. See General Statutes § 52-470 (b).

To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of demonstrating that his attorney's representation was "not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Ham* v. *Commissioner of Correction*, 301 Conn. 697, 703–704, 23 A.3d 682 (2011).

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Myers* v. *Commissioner of Correction*, 128 Conn. App. 564, 569, 17 A.3d 539, cert. denied, 301 Conn. 925, 22 A.3d 1278 (2011).

The petitioner recognizes that under General Statutes § 18-98d (a), which governs presentence confinement credit, he was not entitled to credit for the ninety-seven days of jail time served prior to being charged with the offenses for which he was convicted and sentenced. Indeed, our Supreme Court has held that "our legislature has not intended to authorize the transfer of jail time credits accrued while in pretrial confinement under one offense to the sentence thereafter imposed

upon conviction for another offense." *Payton* v. *Albert*, 209 Conn. 23, 31–32, 547 A.2d 1 (1988), overruled in part on other grounds by *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 255 n.44, 756 A.2d 1264 (2000). Likewise, the petitioner acknowledges that it is "axiomatic that a petitioner cannot receive presentence confinement credit for confinement that predates the arrest on the charges for which he wants the confinement to be credited." *Borrelli* v. *Commissioner of Correction*, 113 Conn. App. 805, 819, 968 A.2d 439 (2009).

Nevertheless, the petitioner argues that Ferrara was deficient for not asking the sentencing court, in exercising its discretionary authority, to take into consideration that he had been confined for ninety-seven days under one of the docket numbers that was a subject of his plea agreement with the state, although that docket number was not one under which he ultimately was convicted and sentenced. Surely, as the petitioner suggests, counsel might have asked the court to take into consideration the pretrial jail time served under a related docket number, just as she might have asked the court to take into consideration a variety of other facts. In light of the authority discussed previously, however, we do not conclude that the failure to do so in any way reflected representation that was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. The petitioner has not demonstrated that effective representation requires that an attorney, at the time of sentencing, ask for every conceivable type of sentencing consideration, including credit to which he lacks any entitlement by operation of law.

Although our conclusion that the petitioner did not prove that Ferrara rendered ineffective assistance is a sufficient basis on which to affirm the court's judgment, we also conclude, in light of the authority discussed

previously, that the petitioner has not demonstrated a reasonable probability that, had Ferrara asked for such consideration, the petitioner's sentence would have been any more favorable to him. We recognize that the sentencing court has "very broad discretion" in fashioning an appropriate sentence. (Internal quotation marks omitted.) *State* v. *Eric M.*, 271 Conn. 641, 649, 858 A.2d 767 (2004). Nonetheless, the mere possibility that the court might have imposed a more lenient sentence on account of this pretrial incarceration does not amount to a reasonable probability that it would have done so.

The judgment is affirmed.