******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEAN S. LEE *v.* COMMISSIONER OF CORRECTION
(AC 38417)

DiPentima, C. J., and Sheldon and Blue, Js.

*Argued March 21—officially released May 23, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*Craig A. Sullivan*, assigned counsel, for the appel-
lant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney,
with whom, on the brief, were *Michael Dearington*,
state's attorney, and *Adrienne Maciulewski*, deputy
assistant state's attorney, for the appellee (respondent).

*Opinion*

BLUE, J. The petitioner, Dean S. Lee, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion in denying certification to appeal and (2) improperly denied his ineffective assistance of counsel claim based on trial counsel's asserted failure to request certain pretrial bond increases. Because the petitioner did not demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal, we dismiss the appeal.

On appeal, the petitioner seeks credit for twenty-seven days of presentence confinement pursuant to General Statutes § 18-98d.[1] The presentence confinement for which he seeks credit occurred while he was confined in lieu of bail for a charge on which he was never sentenced. Instead, he subsequently was sentenced for two distinct crimes that were committed *after* he had posted bond in the first matter. Under these circumstances, both the relevant statute, § 18-98d, and considerations of public policy prohibit the award of presentence confinement credit that the petitioner seeks.

The following facts and procedural history are relevant to this appeal. On three separate occasions in 2010 and 2011, the petitioner was arraigned in the New Haven judicial district, geographical area number 23, on four different charges.[2] Here is the chronology of relevant events:

•—September 2, 2010. The petitioner was arraigned on a warrant charging him with possession of narcotics with intent to sell. The petitioner was confined in lieu of bond.[3] We will refer to this case[4] as case no. 1.

•—September 28, 2010. The petitioner posted bond on case no. 1, having spent twenty-seven days in pretrial confinement. This twenty-seven day period of pretrial confinement turns out to be the cynosure of the case now before us.

•—October 23, 2010. The petitioner sold narcotics to an undercover officer. We will refer to the case arising from this incident as case no. 2.

•—June 3, 2011. The petitioner was arraigned on case no. 2.[5] The court, *Licari, J.*, set bond of $5,000. The petitioner posted bond on the same date.

•—July 25, 2011. The petitioner allegedly twice sold narcotics to cooperating witnesses. We will refer to the cases arising from these incidents as case no. 3 and case no. 4.

•—August 8, 2011. The petitioner was arraigned on case no. 3[6] and case no. 4.[7] The court, *Frechette, J.*, set

bond of $100,000 in each case. At the arraignment, the petitioner's trial attorneys did not request bond increases in cases nos. 1 and 2. The petitioner was confined in lieu of bond.

•—November 21, 2011. The petitioner pleaded guilty in cases nos. 2 and 3 to two counts of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The court, *Holden, J.,* sentenced him in each case to ten years incarceration, execution suspended after five years, followed by a conditional discharge for three years. The sentences were to be served concurrently. The total effective sentence, therefore, was ten years, execution suspended after five years, followed by a conditional discharge for three years. Imposition of the sentence was stayed until January 5, 2012. At sentencing, the petitioner requested that the court order presentence confinement credit for the confinement spent in case no. 1. In response, the court stated that, "[h]e's entitled to the credit afforded by the Department of [Correction]."

•—January 5, 2012. The stay was lifted on the sentences imposed in cases nos. 2 and 3. The prosecutor entered a nolle prosequi with respect to cases nos. 1 and 4 as well as an unrelated earlier charge.

•—July 22, 2013. The court granted a motion for "jail credit" in case no. 2 and ordered credit from August 8, 2011 to October 6, 2011.

•—September 12, 2013. The court granted a motion for "jail credit" in case no. 3 and ordered credit from August 8, 2011 to January 5, 2012.

On July 26, 2012, the petitioner, initially self-represented, filed an application for a writ of habeas corpus in the Superior Court for the judicial district of Tolland. His amended petition, filed by appointed counsel, claimed that his trial counsel had been ineffective because "she failed to ensure that the petitioner would receive presentence jail credit for the time he spent incarcerated on all of his pending cases." The amended petition requested that the judgments imposed in cases nos. 2 and 3 be vacated, that the petitioner be released from confinement, and that the court grant "whatever other relief that law and justice require."

The petition was tried to the habeas court, *Fuger, J.* On August 13, 2015, the habeas court denied relief. It stated that, "[t]here is no sentence of any court anywhere to which those twenty-seven days of jail credit can be applied." The habeas court further reasoned that, "even if it was deficient performance not to request an increase in bond [in cases nos. 1 and 2], there is no prejudice that accrued to [the petitioner] because he did, in fact, receive the jail credit he would have received had the bond been raised in both files on August 8, 2011." On September 11, 2015, the habeas court subsequently denied a petition for certification

to appeal. An appeal to this court followed.

At oral argument before this court, the petitioner made it clear that he was no longer seeking to vacate any of his convictions or sentences. The sole remedy he seeks is a judicial order that twenty-seven days of pretrial confinement credit, served with respect to case no. 1, be applied to the sentences imposed on cases nos. 2 and 3. The petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal from the denial of his petition for a writ of habeas corpus with respect to his claim of ineffective assistance of counsel. Specifically, he argues that because this issue is debatable among jurists of reason, a court could resolve the issues differently or the issues should proceed further, the habeas court abused its discretion in denying his petition for certification to appeal. We disagree.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Duncan* v. *Commissioner of Correction*, 171 Conn. App. 635, 644–45,    A.3d (2017). With these principles in mind, we turn to the substantive claims of the petitioner.

The petitioner claims that the habeas court improperly concluded that, even if his trial counsel provided deficient performance in not seeking bond increases on cases nos. 1 and 2 at his August 8, 2011 arraignment,

he was not prejudiced as a result. With respect to the issue of prejudice, we conclude that the petitioner's argument is unavailing and, therefore, his claim of ineffective assistance of counsel must fail. As a result, we conclude that the habeas court did not abuse its discretion in denying the petitioner's certification to appeal from the denial of the petition for habeas corpus. See *Duncan* v. *Commissioner of Correction*, supra, 171 Conn. App. 635 (reviewing court considered merits of petitioner's claims as to performance and prejudice and concluded that because there was no prejudice, petitioner could not establish abuse of discretion in denial of certification to appeal).

The question of whether a petitioner's constitutional right to the effective assistance of counsel has been violated is governed by a familiar test. To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The petitioner has the burden to establish that "(1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 575, 941 A.2d 248 (2008).

It is well established that § 18-98d "excludes from [pretrial confinement] credit any time that a prisoner spends incarcerated for a prior conviction before sentencing on a separate, pending charge." *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 800, 950 A.2d 1220 (2008). The petitioner does not argue that he is entitled to such credit as a matter of statutory right. Rather, he claims a violation of his right to effective assistance of counsel under the sixth amendment to the United States constitution, invoking *Gonzalez* v. *Commissioner of Correction*, 308 Conn. 463, 68 A.3d 624, cert. denied sub nom. *Dzurenda* v. *Gonzalez*, U.S. , 134 S. Ct. 639, 187 L. Ed. 2d 445 (2013). *Gonzalez*, however, is readily distinguishable.

In that case, the petitioner, Odilio Gonzalez, like the petitioner here, was arrested on a series of occasions and, like the petitioner, was represented by counsel who failed to request a bond increase on an earlier charge when he was subsequently arraigned on a later charge. Id., 465–66. Our Supreme Court held that the constitutional requirement of effective assistance requires counsel "to take the necessary and available steps during critical stages of the proceedings to protect his client's statutory right to receive his full presentence confinement credit." Id., 491.

In the present case, the habeas court assumed for the sake of argument, as we did, that the petitioner's

trial counsel, in not requesting bond increases in cases nos. 1 and 2 on August 8, 2011, failed to provide effective representation. The similarities between *Gonzalez* and the petitioner's case, however, end there. Gonzalez was sentenced on the charge for which he had been held in pretrial confinement during the disputed period of time. Our Supreme Court consequently found prejudice on the ground that "counsel's failure to request that the bonds be raised at the third arraignment prejudiced the petitioner by exposing him to seventy-three additional days in jail for which he received no credit." (Internal quotation marks omitted.) Id., 490.

The petitioner in the present case, in contrast, was *not* sentenced on the charge in case no. 1 for which he had been held in confinement during the twenty-seven days in dispute here. Even if his trial counsel successfully had requested a bond increase in case no. 1 on August 8, 2011, the petitioner's current sentences would not have been reduced because no sentence was ever imposed in case no. 1. His sentences instead were imposed in cases nos. 2 and 3. Although the trial court in its discretion could have considered such pretrial confinement in its sentencing determination; *Gonzalez* v. *Commissioner of Correction*, supra, 308 Conn. 467–68 n.3; the trial court here chose to leave calculation of the appropriate credit to the Department of Correction. Under these circumstances, the petitioner is unable to establish that his trial counsel's failure to request a bond increase on the charge in case no. 1 resulted in any ascertainable prejudice.

The petitioner attempts to counter this reasoning by arguing that, "had such requests been made and granted, there was a reasonable probability that the petitioner and the state would have negotiated a plea agreement" on the charge in case no. 1. This argument is entirely speculative and is not based on any finding of either the trial court or the habeas court.[8] We also note that, as mentioned, the petitioner at oral argument before this court expressly abandoned any argument that either his guilty pleas or his sentences should be vacated on the ground of ineffective assistance of counsel.[9] The sole relief he seeks is a judicial order that the sentences he is now serving in cases nos. 2 and 3 be credited with the twenty-seven days of pretrial confinement spent on the charge in case no. 1. Under these circumstances, this is relief we are unable to grant.

The award of credit that the petitioner seeks not only would be contrary to the express requirements of § 18-98d, but also would conflict with well established public policy. "The principle that extra time served on a criminal sentence may not be banked is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a line of credit that can be applied against future sentences." (Internal quotation marks omitted.) *Payton* v. *Albert*,

209 Conn. 23, 34, 547 A.2d 1 (1988), overruled in part on other grounds by *Rivera* v. *Commissioner of Correction*, 254 Conn. 214, 255 n.44, 756 A.2d 1264 (2000). That public policy is particularly compelling in the context of the present action. The crimes for which the petitioner has been convicted and sentenced occurred *after* the period of pretrial confinement for which he now seeks credit. An order mandating such credit would involve moral hazard. The knowledge of a person who has been released on bond after a period of pretrial confinement on an earlier charge that he now has a line of credit that can be applied to a sentence received for future crimes at least would increase marginally his incentive (or reduce his disincentive) to commit such future crimes. We do not choose to proceed down this path.

For these reasons, we conclude that the habeas court properly rejected the pretrial confinement credit claim made by the petitioner. Because no reasonable jurist could disagree with this conclusion, we further determine that the habeas court did not abuse its discretion in denying the certification to appeal with respect to this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or correctional institution for an offense committed on or after July 1, 1981 . . . because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed . . . ."

[2] A nolle prosequi was eventually entered on a fifth charge involving an earlier arrest, which is unimportant for purposes of the pretrial confinement credit issues presented by the petitioner in this appeal.

[3] The record does not reflect the bond amount.

[4] Docket No. CR10-0109371.

[5] Docket No. CR11-0118215.

[6] Docket No. CR11-01200324.

[7] Docket No. CR11-0120325.

[8] In addition to ignoring the absence of trial or habeas court findings, the petitioner fails to discuss the mechanics of the alternative scenario he proposes. The plea agreement into which the petitioner actually entered involved pleas and concurrent sentences for *two* different crimes—the charges in cases nos. 2 and 3. The alternative agreement he now proposes would have involved a plea agreement involving only *one* crime—the charge in case no. 1. We simply do not know whether the prosecutor and the court would have agreed to such an arrangement if proposed. In any event, the petitioner does not claim that his trial counsel was ineffective in failing to propose an agreement along these lines on November 21, 2011. His sole claim is that his trial counsel was ineffective for failing to request a bond increase on August 8, 2011. These claims are entirely distinct.

[9] In addition, there is no evidence in the record that the petitioner has, at any stage of the proceedings, testified that, had he known he would not be entitled to the presentence confinement credit he now seeks, he would not have accepted the negotiated settlement in question.