******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# GIFTON G. BAGALLOO *v.* COMMISSIONER OF CORRECTION
## (AC 41765)

DiPentima, C. J., and Keller and Bright, Js.

*Syllabus*

The petitioner sought a writ of habeas corpus, claiming, inter alia, that his trial counsel, W, rendered ineffective assistance by failing to inform him adequately about his ineligibility for presentence confinement credit and by failing to request that the trial judge award him that confinement credit. On March 31, 2009, the petitioner, while serving a sentence for a narcotics offense and a violation of probation, was arrested for conspiracy to commit murder. The petitioner pleaded guilty to the conspiracy charge and, on December 10, 2013, received a sixteen year sentence. Although the petitioner was held in custody on the homicide case, in lieu of bond, since March 31, 2009, pursuant to statute (§ 18-98d [a] [1] [B]), he did not receive credit for the time he spent in confinement from that date to September 9, 2011, the date his sentence for the narcotics offense and violation of probation terminated. The petitioner only received presentence confinement credit toward the sixteen year sentence from September 10, 2011, to December 10, 2013. The habeas court conducted a trial, during which the petitioner and W testified. The court rendered judgment denying the habeas petition, concluding, inter alia, that W had not rendered ineffective assistance of counsel and that he informed the petitioner adequately about the length of his sentence. Thereafter, the habeas court denied the petition for certification to appeal, and the petitioner appealed to this court. *Held*:

1. The petitioner's claim that W rendered ineffective assistance because he failed to properly inform the petitioner that he would not receive credit for the time he spent in presentence confinement from March 31, 2009, to September 9, 2011, before the petitioner pleaded guilty to conspiracy to commit murder, was unavailing; the habeas court found that W had specifically informed the petitioner that the petitioner's resolution of the narcotics and violation of probation case created a dead time scenario whereby the petitioner would receive no confinement credit against any prison sentence for the homicide case that preceded the completion of that earlier sentence, and, thus, because the habeas court found that W's testimony was credible as to his communications with the petitioner regarding the dead time he would be serving, it did not abuse its discretion in denying the petition for certification to appeal with regard to that claim.

2. The petitioner could not prevail on his claim that W provided ineffective assistance by failing to ask the trial judge to order the Department of Correction to award presentence confinement credit, despite the fact that the petitioner was ineligible for such credit under § 18-98d (a) (1) (B), which was based on the petitioner's claim that because the Department of Correction has a policy of honoring court awarded confinement credit, even if the petitioner did not qualify for it under § 18-98d, and requesting the credit would not have harmed the petitioner, W rendered deficient performance by not making such a request; contrary to the petitioner's claim, our Supreme Court previously has made clear that awarding credit for presentence confinement is permissible only for defendants who qualify under § 18-98d, and, therefore, W could not have rendered deficient performance for failing to request confinement credit for which the petitioner was not eligible under the applicable statute.

Argued October 23, 2019—officially released February 4, 2020

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment

denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Judie Marshall*, for the appellant (petitioner).

*Nancy L. Walker*, assistant state's attorney, with whom, on the brief, were *John C. Smriga* and *Matthew C. Gedansky*, state's attorneys, and *Tamara Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Gifton G. Bagalloo, appeals after the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus in which he alleged, inter alia, that his trial counsel provided ineffective assistance when the petitioner entered into a plea agreement. Because the petitioner has failed to demonstrate that the habeas court abused its discretion in denying the petition for certification to appeal, we dismiss the appeal.

In its memorandum of decision, the habeas court set forth the following relevant facts and procedural history. "On November 10, 2008, the [trial] court sentenced the petitioner to seven years [of] imprisonment, execution suspended after three years, and three years [of] probation for a narcotics offense and a violation of probation. While serving that sentence, the police, on March 31, 2009, arrested the petitioner for conspiracy to commit murder . . . [to which he pleaded guilty], and [he] received a sixteen year sentence on December 10, 2013.

\* \* \*

"The three year sentence terminated on September [9], 2011. Under General Statutes § 18-98d (a) (1) (B),[1] the petitioner only received pretrial jail credit toward the sixteen year sentence beginning *after* that date. This was so because previous to that date he was confined as a *sentenced* prisoner. *Lee* v. *Commissioner of Correction*, 173 Conn. App. 379, 385–86, [163 A.3d 702, cert. denied, 326 Conn. 924, 169 A.3d 233] (2017). In short, although held in custody on the homicide case, in lieu of bond, since March 31, 2009, the calculation set forth in § 18-98d (a) (1) (B) disallowed jail credit as long as the earlier, three year sentence continued to run. The petitioner has received pretrial jail credit for confinement from September 10, 2011, to December 10, 2013." (Citations omitted; emphasis in original; footnote added.)

On or about April 21, 2014, the petitioner filed a motion to withdraw his guilty plea. In the motion, the self-represented petitioner argued that his plea was not knowing and voluntary because he was not advised adequately by his trial counsel, John Walkley, about the length of his sentence and the amount of jail credit he would receive from his pretrial confinement. On June 23, 2014, the trial court denied the motion. In denying the motion, the court found that because the presentence jail credit was never part of the plea agreement, the court did not have to ensure that the petitioner was aware of the impact of § 18-98d (a) (1) (B) on the plea

agreement or that he would be serving "dead time."[2] The petitioner did not appeal from the denial of this motion.

On December 19, 2014, the self-represented petitioner filed a petition for a writ of habeas corpus. On May 1, 2017, the petitioner, represented by counsel, filed an amended petition. In his amended petition, the petitioner alleged that (1) Walkley rendered ineffective assistance by failing to inform him adequately about his ineligibility for jail credit and by failing to request that the sentencing judge award him jail credit, and (2) his guilty plea was not knowingly, intelligently and voluntarily given because he was not informed properly about the length of his sentence. On August 10, 2017, the respondent, the Commissioner of Correction, filed a return in response, claiming that the petitioner's petition was procedurally defaulted because he failed to appeal the trial court's denial of his motion to withdraw his guilty plea. See Practice Book § 23-30 (b). The habeas court conducted a trial, during which the petitioner and Walkley testified.

On April 30, 2018, the habeas court issued a memorandum of decision in which it denied the petition for habeas corpus relief. The habeas court found that the petitioner failed to satisfy the "good cause and prejudice" standard to overcome the procedural default for failing to appeal from the trial court's denial of his motion to withdraw his guilty plea. The habeas court also determined that the petitioner's trial counsel had not rendered ineffective assistance and that he informed the petitioner adequately about the length of his sentence.

Thereafter, the petitioner filed a petition for certification to appeal from the habeas court's judgment. The petitioner sought to raise two issues on appeal: (1) whether the court erred in finding that the petitioner failed to show cause sufficient to overcome procedural default for his claim that his guilty plea was not knowing, intelligent and voluntary,[3] and (2) whether the court erred in finding that the petitioner failed to prove ineffective assistance of counsel. The habeas court denied the petition. This appeal followed.

On appeal, the petitioner argues that the habeas court (1) abused its discretion in denying the petitioner's request for certification to appeal, and (2) erred in denying the petitioner's claim that his trial counsel rendered ineffective assistance. We disagree.

We first set forth the standard of review relevant to our resolution of this appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a

different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by this court for determining the propriety of the habeas court's denial of the petition for certification. Absent such a showing by the petitioner, the judgment of the habeas court must be affirmed. . . .

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington* [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . .

"To satisfy the performance prong [of the *Strickland* test] the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial

strategy." (Citations omitted; internal quotation marks omitted.) *Coward* v. *Commissioner of Correction*, 143 Conn. App. 789, 794–96, 70 A.3d 1152, cert. denied, 310 Conn. 905, 75 A.3d 32 (2013).

Accordingly, in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal, we must consider the merits of the petitioner's underlying claims that trial counsel provided ineffective assistance. With the foregoing principles in mind, we now address the petitioner's claims.

I

The petitioner first claims that his trial counsel was ineffective because he failed to inform the petitioner about the length of his sentence before entering into the plea agreement. Specifically, the petitioner argues that Walkley did not communicate that the petitioner would not receive credit for the time he spent in presentence confinement from March 31, 2009, to September 9, 2011. The petitioner further argues that had he known that he would not receive credit for the 893 days he spent in presentence confinement, he would have rejected the plea and elected to go to trial instead.

The following additional facts are necessary for the disposition of this claim. At the habeas trial, the court found that Walkley had "specifically informed the petitioner that the petitioner's resolution of the other case . . . created a 'dead time' scenario whereby the petitioner would receive no jail credit against any prison sentence for the homicide case that preceded the completion of that earlier sentence." The court further determined that Walkley's testimony was "very credible" about his communications with the petitioner regarding the unavailability of presentence jail credit and that he would be serving " 'dead time.' "[4] Therefore, the petitioner's claim that Walkley did not inform him about his ineligibility for jail credit fails because "[a]s an appellate court, we do not reevaluate the credibility of testimony, nor will we do so in this case. The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . This court does not retry the case or evaluate the credibility of witnesses. Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude." (Citation omitted; internal quotation marks omitted.) *Corbett* v. *Commissioner of Correction*, 133 Conn. App. 310, 316–17, 34 A.3d 1046 (2012). Because the habeas court found Walkley's testimony credible as to informing the petitioner of the "dead time" he would be serving, we do not disturb the court's finding that Walkley's performance was not deficient. See *Corbett* v. *Commissioner of Correction*, supra, 316–17. Accordingly, the habeas court did not abuse its discretion in denying the petition

for certification to appeal with regard to this claim.

## II

The petitioner's second claim is that Walkley provided ineffective assistance by failing to ask the sentencing judge to order the Department of Correction to award presentence confinement credit, despite the fact that the petitioner was ineligible for such jail credit under § 18-98d (a) (1) (B). The petitioner argues that because the Department of Correction has a policy of honoring court awarded jail credit, even if the petitioner does not qualify for it under § 18-98d, and requesting the credit would not have harmed the petitioner, Walkley rendered deficient performance by not making such a request.

During testimony before the habeas court, the petitioner sought to demonstrate that because it is a common practice in Connecticut for attorneys to request jail credit at sentencing, Walkley acted deficiently by failing to request it. The habeas court, however, disagreed and held: "In *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 950 A.2d 1220 (2008), our Supreme Court disabused trial courts, attorneys, and the [Department of Correction] from the delusion that judges could recoup [presentence] jail credit and circumvent the disqualification posed by the text of § 18-98d (a) (1) by judicial fiat. Id., 802–803. This court has held that defense counsel cannot be faulted for declining to make such an unlawful request. *Palmenta* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-13-4005461-S (May 21, 2014), aff'd sub nom. *Palmenta* v. *Commissioner of Correction*, 161 Conn. App. 901, 125 A.3d 302, cert. denied, 320 Conn. 909, 128 A.3d 507 (2015)." See also *Gooden* v. *Commissioner of Correction*, 169 Conn. App. 333, 338, 339–40 and n.3, 150 A.3d 738 (2016). In addition, the habeas court noted, and the record demonstrates, that Walkley testified that he attempted to ask the prosecutor to include in the recommended sentence the " 'dead time' " that the petitioner had served before trial.

On appeal, the petitioner argues that § 18-98d "strongly indicates that a sentencing court has no discretion to deny a valid request for jail credit." The petitioner's reliance on our Supreme Court's decision in *Washington* in support of this proposition is misplaced because, although that court did discuss how § 18-98d mandates that presentence confinement credit be granted to a defendant who qualifies for it under the statute, the petitioner here could not make a "valid request" for jail credit because he did not qualify for presentence confinement credit under § 18-98d. Indeed, contrary to the petitioner's argument, our Supreme Court in *Washington* made clear that awarding jail credit for presentence confinement is permissible only for defendants who qualify under § 18-98d. See *Washington* v. *Commissioner of Correction*, supra, 287

Conn. 802–803. Consequently, we agree with the habeas court that Walkley cannot be considered to have rendered deficient performance for failing to request jail credit for which the petitioner was not eligible under the statute. See *Weathers* v. *Commissioner of Correction*, 133 Conn. App. 440, 444, 35 A.3d 385 (holding that "[t]he petitioner has not demonstrated that effective representation requires that an attorney, at the time of sentencing, ask for every conceivable type of sentencing consideration, including credit to which he lacks any entitlement by operation of law"), cert. denied, 304 Conn. 918, 41 A.3d 305 (2012). Accordingly, the habeas court properly determined that the petitioner's trial counsel did not render deficient performance by not requesting unauthorized jail credit from the trial court.

On the basis of the foregoing, we conclude that the habeas court properly determined that Walkley did not render ineffective assistance of counsel by failing to request presentence confinement credit for which the petitioner was ineligible under § 18-98d. The petitioner has failed to prove any of the three criteria that constitutes an abuse of discretion. Accordingly, the petitioner has not demonstrated that the habeas court abused its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] General Statutes § 18-98d (a) (1) provides: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement, except that if a person is serving a term of imprisonment at the same time such person is in presentence confinement on another charge and the conviction for such imprisonment is reversed on appeal, such person shall be entitled, in any sentence subsequently imposed, to a reduction based on such presentence confinement in accordance with the provisions of this section. In the case of a fine, each day spent in such confinement prior to sentencing shall be credited against the sentence at a per diem rate equal to the average daily cost of incarceration as determined by the Commissioner of Correction."

[2] "[D]ead time is prison parlance for presentence confinement time that cannot be credited because the inmate is a sentenced prisoner serving time on another sentence." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 179 Conn. App. 160, 163 n.2, 178 A.3d 1079 (2018).

[3] The petitioner included this issue on his petition for certification to appeal; however, this issue was not briefed and the petitioner does not challenge this determination by the habeas court on appeal.

[4] The petitioner argues that Walkley's testimony that he did not recall the specific conversations he had with the petitioner regarding the unavailability of jail credit demonstrates that Walkley did not provide effective assistance of counsel. In response the respondent cites *Budziszewski* v. *Commissioner of Correction*, 322 Conn. 504, 517 n.2, 142 A.3d 243 (2016) (expressing concern with trial court's finding fault with counsel for his failure to recall

"all of the advice he gave the petitioner" by noting that "the habeas court must presume that counsel acted competently and the burden lies with the petitioner, as the party asserting ineffectiveness, to overcome this presumption and prove that [counsel] failed to give the required warning"). This binding precedent disposes of the petitioner's argument.

———————————————————